UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700
Attorneys of Record for Defendants:
Michael P. Benenati (MPB 9669)
Joseph DeGiuseppe (JD 6376)

------------------------------------------------------------X
FELICE MANCARUSO,

                         Plaintiff,        Case No. 07 Civ. 6776 (KMK)

    -against-                              ECF

PHILIPS SEMICONDUCTORS, NXP
SEMICONDUCTORS and PHILIPS ELECTRONICS
NORTH AMERICA,

                        Defendants.
------------------------------------------------------------X

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

      Defendants, Philips Electronics North America Corp. ("PENAC") and NXP Semiconductors USA, Inc. ("NXP"), successor corporation to Philips Semiconductors Manufacturing Inc., (collectively referred to herein as the "Defendants"), by and through their counsel, Bleakley Platt & Schmidt, LLP, for their Answer to Plaintiff's Second Amended Complaint, state as follows:

      1.    Deny each and every allegation contained in paragraph 1 of the Second Amended Complaint.

      2.    Deny each and every allegation contained in paragraph 2 of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the

Court, pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) and 2201; 29 U.S.C. § 526(b) and (c); and 28 U.S.C. § 1367(a).

3. Deny each and every allegation contained in paragraph 3 of the Second Amended Complaint, except admit that Plaintiff purports to invoke that venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b).

4. Deny each and every allegation contained in paragraph 4 of the Second Amended Complaint, except admit that Plaintiff was employed by Philips Semiconductor Manufacturing, Inc. in Hopewell Junction, New York.

5. Deny each and every allegation contained in paragraph 5 of the Second Amended Complaint.

6. Deny each and every allegation contained in paragraph 6 of the Second Amended Complaint.

7. Admit the allegations contained in paragraph 7 of the Second Amended Complaint

8. Deny each and every allegation set forth in paragraph 8 of the Second Amended Complaint, except admit that NXP Semiconductors USA, Inc. employs over twenty employees and is a successor corporation of Philips Semiconductor Manufacturing, Inc.

9. Deny each and every allegation set forth in paragraph 9 of the Second Amended Complaint.

10. Deny each and every allegation set forth in paragraph 10 of the Second Amended Complaint, except admit that Philips Electronics North America Corp. employs over twenty employees.

11. Deny each and every allegation set forth in paragraph 11 of the Second Amended Complaint.

12. Deny each and every allegation set forth in paragraph 12 of the Second Amended Complaint, and further deny that Defendants had ever committed a discriminatory act against Plaintiff.

13. Deny each and every allegation set forth in paragraph 13 of the Second Amended Complaint, except admit that the Equal Employment Opportunity Commission ("EEOC") had issued a Determination.

14. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Second Amended Complaint, except admit that the EEOC has issued a Notice of Right to Sue dated April 30, 2004.

15. Deny each and every allegation set forth in paragraph 15 of the Second Amended Complaint.

16. Deny each and every allegation set forth in paragraph 16 of the Second Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Second Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Second Amended Complaint.

19. Deny each and every allegation set forth in paragraph 19 of the Second Amended Complaint, except admit that on January 27, 2001, Plaintiff was promoted to process engineering manager for the metals and insulators area.

20. Deny the allegation set forth in paragraph 20 of the Second Amended Complaint that Plaintiff held the position of Mini-Fab Manager, and admit the remaining allegations in said paragraph.

21. Deny the allegation set forth in paragraph 21 of the Second Amended Complaint that Plaintiff held the position of Mini-Fab Manager, and admit the remaining allegations in said paragraph.

22. Admit the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Admit the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Admit the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Deny each and every allegation set forth in paragraph 25 of the Second Amended Complaint.

26. Deny each and every allegation set forth in paragraph 26 of the Second Amended Complaint.

27. Deny each and every allegation set forth in paragraph 27 of the Second Amended Complaint.

28. Deny each and every allegation set forth in paragraph 28 of the Second Amended Complaint.

29. Deny each and every allegation set forth in paragraph 29 of the Second Amended Complaint.

30. Deny each and every allegation set forth in paragraph 30 of the Second Amended Complaint, except admit that in July 2004, the leadership team at the Fishkill, New York facility changed.

31. Deny each and every allegation set forth in paragraph 31 of the Second Amended Complaint.

32. Deny each and every allegation set forth in paragraph 32 of the Second Amended Complaint.

33. Deny each and every allegation set forth in paragraph 33 of the Second Amended Complaint.

34. Deny each and every allegation set forth in paragraph 34 of the Second Amended Complaint.

35. Deny each and every allegation set forth in paragraph 35 of the Second Amended Complaint, except admit that Plaintiff was notified that his job was being eliminated in September 2005.

36. Deny each and every allegation set forth in paragraph 36 of the Second Amended Complaint.

37. Admit the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Deny each and every allegation set forth in paragraph 38 of the Second Amended Complaint.

39. Deny each and every allegation set forth in paragraph 39 of the Second Amended Complaint.

40. Deny each and every allegation set forth in paragraph 40 of the Second Amended Complaint, except admit that Plaintiff was not offered either position.

41. Deny each and every allegation set forth in paragraph 41 of the Second Amended Complaint.

42. Deny each and every allegation set forth in paragraph 42 of the Second Amended Complaint.

43. Deny the allegation in paragraph 43 of the Second Amended Complaint that the meeting was held on September 28, 2005, and admit the remaining allegations in said paragraph.

44. Deny each and every allegation set forth in paragraph 44 of the Second Amended Complaint.

45. Deny each and every allegation set forth in paragraph 45 of the Second Amended Complaint.

46. Deny each and every allegation set forth in paragraph 46 of the Second Amended Complaint.

47. Deny each and every allegation set forth in paragraph 47 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

48. With regard to paragraph 48 of the Second Amended Complaint, repeat and reallege their responses to paragraphs 1 to 47 of the Second Amended Complaint, as if each were fully set forth herein.

49. Deny each and every allegation set forth in paragraph 49 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

50. With regard to paragraph 50 of the Second Amended Complaint, repeat and reallege their responses to paragraphs 1 to 49 of the Second Amended Complaint, as if each were fully set forth herein.

51. Deny each and every allegation set forth in paragraph 51 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

52. With regard to paragraph 52 of the Second Amended Complaint, repeat and reallege their responses to paragraphs 1 to 51 of the Second Amended Complaint, as if each were fully set forth herein.

53. Deny each and every allegation set forth in paragraph 53 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

54. With regard to paragraph 54 of the Second Amended Complaint, repeat and reallege their responses to paragraphs 1 to 53 of the Second Amended Complaint, as if each were fully set forth herein.

55. Deny each and every allegation set forth in paragraph 55 of the Second Amended Complaint.

56. Deny that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

57. Plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

58. Plaintiff's claims are each barred, in whole or in part, by the applicable statute of limitations or other limitations period.

## THIRD AFFIRMATIVE DEFENSE

59. Plaintiff's Second Amended Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith for legitimate, non-discriminatory business reasons unrelated to Plaintiff's age.

## FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to satisfy, in whole or in part, the statutory prerequisites for filing some or all of their claims.

## FIFTH AFFIRMATIVE DEFENSE

61. Even if Plaintiff could prove his age was a factor in any employment action taken with respect to his employment, which it was not, Defendants would have made the same employment action regardless of Plaintiff's age.

## SIXTH AFFIRMATIVE DEFENSE

62. To the extent the Second Amended Complaint, and each and every purported count or claim or cause of action asserted therein, seeks an award of punitive, liquidated or exemplary damages, such count or claim or cause of action fails to allege facts sufficient to justify an award of such damages against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff's Second Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

64.     Plaintiff's Second Amended Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff has failed, in whole or in part, to mitigate the damages he allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

65.     Upon information and belief, Plaintiff's claims, in whole or in part, are barred by the election of remedies of New York State law.

### TENTH AFFIRMATIVE DEFENSE

66.     Plaintiff's claims are barred under the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

67.     Plaintiff knowingly and voluntarily waived any rights afforded by the ADEA and the Settlement and General Release signed by Plaintiff complied with the OWBPA.

### TWELTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims for age discrimination under New York law must be dismissed because Defendants did not condone any alleged unlawful conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

69.     Plaintiff's Second Amended Complaint fails to state a claim, in whole or in part, upon which attorneys' fees may be awarded.

### FOURTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver and collateral estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### SIXTEENTH AFFIRMATIVE DEFENSE

72. Assuming, *arguendo*, that any type of contract existed between Plaintiff and Defendants, such contract is void or unenforceable for failure of consideration.

### SEVENTEENTH AFFIRMATIVE DEFENSE

73. Assuming, *arguendo*, that any type of contract existed between Plaintiff and Defendants, such contract is void or unenforceable because Plaintiff's failure to perform all the material conditions of that contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

### NINETEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

WHEREFORE, Defendants respectfully request this Court to:

1. Dismiss Plaintiff's Second Amended Complaint and all claims for relief set forth therein with prejudice;

2. Deny each and every demand for relief as set forth in Plaintiff's Second Amended Complaint;

3. Strike Plaintiff's demand for a jury trial; and

4. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Dated: White Plains, New York
January 10, 2007

            Respectfully submitted,

            BLEAKLEY PLATT & SCHMIDT, LLP

By: */s/ Michael P. Benenati*
            Michael P. Benenati (MPB 9669)
            Joseph DeGiuseppe, Jr. (JD 6376)
            One North Lexington Avenue
            White Plains, New York 10601
            Tel: (914) 949-2700
            Fax: (914) 683-6956

            *Attorneys for Defendants*